UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WEILI CAO-BOSSA,

                          Plaintiff,

   -against-                                1:18-CV-1009 (LEK/CFH)

LINDSAY PULCHER, *et al.*,

                          Defendants.

**ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on November 8, 2018, by the Honorable Christian F. Hummel, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 4 ("Report-Recommendation").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. Otherwise, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir.

2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## III. DISCUSSION

No objections were filed in the allotted time period, Docket, and the Court has therefore reviewed the Report-Recommendation only for clear error. Although the Court agrees with the Magistrate Judge that Plaintiff's claims should be dismissed, it does so for different reasons.

The Second Circuit has held that, "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 225 F.3d 133, 138 (2d Cir. 2000) (citing Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). When "exercising its discretion" in deciding whether to exercise that power, a district court cannot employ "a rigid test," but must instead "consider the equities of the situation." Id. (citations omitted).

Plaintiff filed her complaint in the present case on August 22, 2018. Dkt. No. 1 ("Complaint"). Four months earlier, however, Plaintiff submitted a complaint in a separate action in the Northern District of New York, before the Honorable Glenn T. Suddaby, Chief Judge. See Complaint, Cao-Bossa v. N.Y. State Dep't of Labor, No. 18-CV-509 (N.D.N.Y. Apr. 27, 2018), Dkt. No. 1 ("Suddaby Complaint"); see also Cao-Bossa v. N.Y. State Dep't of Labor, No. 18-CV-509 (N.D.N.Y. July 23, 2018), Dkt. No. 8 ("Amended Suddaby Complaint").

2

The claims asserted in Plaintiff's Suddaby Complaint and Amended Suddaby Complaint are largely identical to those asserted in the Complaint—all three pleadings accuse Lindsey Pulcher, Kathleen Elfedlt, Lisa Russel, and/or the Department of Labor of "wrongful[ly] terminat[ing] and discriminat[ing]" against Plaintiff "based on two very negative but untrue evaluations." Suddaby Compl. at 2–3; see also Am. Suddaby Compl. at 1 ("I . . . was terminated . . . based on two very negative evaluations."); Compl. at 1 (same). In fact, after comparing the content of the Complaint with that of the Amended Suddaby Complaint, the Court believes that Plaintiff may have intended the former to supersede the latter as a further amended pleading, rather than to act as a standalone pleading in a separate action. Although the Complaint contains more detail than the Amended Suddaby Complaint, both documents are formatted in exactly the same way and use nearly identical language. Compare Am. Suddaby Compl. at 1 ("The plaintiff, I pass CPA exams in 6 months and passed the accounting and auditing civil service exam with both scores at 90, ranking 14 and was on the eligible list of competitive positions for senior accountant. I became on board of DOL on Oct 6, 2016, and was terminated on Apr 15, 2017 based on two very negative evaluations stating I was so incompetent that I should be terminated [sic]."), with Compl. at 1 (same).

Therefore, the Court will exercise its discretion and dismiss this action with prejudice as duplicative of Plaintiff's other federal court suit. In so doing, however, the Court will make the nature of Plaintiff's Complaint known to Chief Judge Suddaby, so that he may take any further action he deems appropriate.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **MODIFIED** as set forth above; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice** as duplicative of another federal court suit; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:   February 08, 2019
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge